UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

OTTEY,

                                No. 19 Civ. 7503 (LTS)(KNF)

            Plaintiff,

     -against-

DHS/ICE, et al.,

            Defendants.

ORDER

        The Government has informed the Court that ICE intends to remove Plaintiff from the United States by the end of July 2020. (Docket Entry No. 36.) The Court previously denied Plaintiff's emergency request for a Temporary Restraining Order prohibiting his removal during the pendency of this civil case, but directed the Government to inform the Court at least 48 hours in advance of his removal from the United States. (Docket Entry No. 9.) On July 7, 2020, the Second Circuit denied and dismissed Plaintiff's petitions for review of his order of removal. See Ottey v. Barr, No. 18-834, 2020 WL 3722072 (2d Cir. July 7, 2020). The Court again considers Plaintiff's request for a stay of his removal to permit him to pursue his above-captioned "Bivens Complaint." (See Docket Entry Nos. 1, 2.)

        Plaintiff's motion seeks a stay of his removal. The Real ID Act of 2005 limits the circumstances under which a court may grant injunctive relief with respect to orders of removal. Section 1252(f)(2) of Title 8 of the United States Code provides in pertinent part that, "[n]otwithstanding any other provision of law . . . no court shall enjoin the removal of any alien pursuant to a final order under this section unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law." 8 U.S.C.S.

1252(f)(2) (Westlaw through Pub. L. No. 116-149) (hereinafter "section 1252(f)(2).")  The only exception to this "demanding standard" is a stay pending appeal of the order of removal.  <u>Nken v. Holder</u>, 556 U.S. 418, 433 (2009) ("an alien need not satisfy the demanding standard of § 1252(f)(2) when asking a court of appeals to stay removal pending judicial review.")  Section 1252 also divests district courts of jurisdiction to consider claims seeking review of orders of removal.  <u>See</u> 8 U.S.C.S. § 12529(a) (Westlaw through Pub. L. No. 116-149) ("a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal . . ."); <u>see also</u> <u>Delgado v. Quarantillo</u>, 643 F.3d 52, 55 (2d Cir. 2011) (holding that 8 U.S.C. § 1252(a) "clearly preclude[s] [a] district court's entertaining of a direct challenge to a removal order.")

    Here, Plaintiff's request is clearly for the Court to enjoin the order of removal.  Thus, Plaintiff must meet the demanding standard of showing by clear and convincing evidence that execution of his order of removal is prohibited as a matter of law.  <u>See</u> 8 U.S.C. § 1252(f)(2).  However, Plaintiff has not offered, and this Court would not have jurisdiction to entertain, a demonstration that execution of the order of removal would be illegal.  <u>See, e.g.</u>, <u>Barros Anguisaca v. Decker</u>, 393 F. Supp. 3d 344, 350 (S.D.N.Y. 2019) ("numerous courts in this circuit have held . . . that a request for a stay of removal constitutes a challenge to a removal order, and that accordingly district courts lack jurisdiction to grant such relief.") (citation omitted); <u>Ali v. Dinwidde</u>, No. 7-CIV-59 (TCK) (TLW), 2017 WL 10651150, at *1 (N.D. Okla. Feb. 8, 2017) report and recommendation <u>adopted by</u> 2017 WL 10651363 (N.D. Okla. Mar. 3, 2017) ("<u>Nken</u> does not apply in this case. This is a civil rights case and does not concern judicial review of plaintiff's removal order. Plaintiff does not seek a stay of this action; he seeks a stay of his deportation. This Court clearly lacks jurisdiction to grant plaintiff's requested relief.");

<u>Mhanna v. U.S. Dep't of Homeland Security Citizenship and Immigration Services</u>, No. 10-CIV-292 (JRT/RLE), 2010 WL 584034, at *11 (D. Minn. Feb. 16, 2010) (finding that section 1252(f)(2) precluded jurisdiction of request to stay removal in an action concerning alien plaintiff's application for adjustment of status because plaintiff was seeking "precisely the type of relief that § 1252(f)(2) governs.")  Plaintiff's order of removal has been affirmed by the Second Circuit, <u>see</u> <u>Ottey v. Barr</u>, <u>supra</u>, and he explicitly disclaims any effort to seek review of that order in this Court.  (Docket Entry No. 1, at 10) ("[Plaintiff] is not challenging his removal order, mandatory detention or confinement in this civil action.")  Therefore, there is no jurisdictional basis for this Court to entertain Plaintiff's motion for a stay of the order of removal and his request is denied for lack of jurisdiction.

The Order to Show Cause why this matter should not be dismissed or transferred to the Northern District of Alabama as duplicative of his earlier-filed habeas corpus petition, (Docket Entry No. 30) is moot because Plaintiff voluntarily dismissed that earlier petition.  (<u>See</u> N.D. Alabama, 19-CIV-1703, Docket Entry Nos. 20, 21.)

Because the Government represents that Plaintiff will be deported by the end of July 2020, Plaintiff must file with the Court updated contact information after he is deported, in order to continue this litigation.  Plaintiff may do so by mail or, if he has email or internet access, by emailing a pdf of his submission to Temporary_Pro_Se_Filing@nysd.uscourts.gov in accordance with the procedures found in the April 1, 2020, addendum to the court's ECF Rules and Instructions, located at:
https://www.nysd.uscourts.gov/sites/default/files/pdf/ecf_rules/ECF%20Rules%20040120%20-%20COVID%20v2.pdf.

Defendants' time to respond to the Bivens Complaint is extended until thirty (30) days from the date Plaintiff files his updated contact information. Defendants are directed to provide Plaintiff with a copy of this order prior to his removal. Chambers will also mail a copy of this order to Plaintiff. This case will be closed administratively after six months if Plaintiff has not updated his contact information by that time.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444 (1962).

SO ORDERED.

Dated: New York, New York
July 20, 2020

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge

Copy Mailed to:	Dwayne Ottey, 055212953
Jackson Parish Correctional Center
327 Industrial Drive
Jonesboro, LA 71251