UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
DWAYNE OTTEY,

Plaintiff,

-against- No. 19-CV-07503-LTS-KNF

DEPARTMENT OF HOMELAND SECURITY, et al.,

Defendants.
-------------------------------------------------------x

MEMORANDUM ORDER

Plaintiff Dwane Ottey ("Plaintiff") brings this action pro se. As explained below, he has not responded to Court orders or otherwise communicated with the Court since May 10, 2021. The Court hereby dismisses the Complaint, see docket entry no. 1 ("Complaint"), without prejudice for the reasons set forth below.

BACKGROUND

On August 9, 2019, Plaintiff initiated this action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), challenging his August 8, 2016, arrest by U.S. Immigration and Customs Enforcement ("ICE"). On April 26, 2021, the Department of Homeland Security ("DHS"), ICE, Kevin McAleenan, William Barr, Matthew Albence, Thomas R. Decker, Robert L. Sperruggia, and Judith Almodovar ("Federal Defendants") filed a motion to dismiss Plaintiff's Complaint, or in the alternative, for summary judgment and certified that all materials were properly served on the pro se Plaintiff. (Docket entry nos. 56, 60.) On May 10, 2021, Plaintiff filed a "Motion for an Extension of Time due to Exigent Circumstances," see docket entry no. 61, requesting additional time "to file an amended complaint, respond to defendants Motion for Summary [Judgment]/Dismiss, and to seek

counsel." Plaintiff claimed that his "ability to amend [his] complaint [had] been severely affected not only by the on going (sic) COVID-19 pandemic but also Hurricanes in Louisiana." (Id.) He further asserted that during his detention, his "law library time was limited . . . to the point of non existence (sic) under the guise of quarantine and then later due to power outages and lack of running water . . . ." (Id.) Plaintiff acknowledged that he was released from ICE detention on February 22, 2021, and had since been "attempting to assimilate . . . back into society" and had lost his legal documents. (Id.)

Magistrate Judge Fox granted Plaintiff's application for an extension of time on May 12, 2021. (Docket entry no. 62.) Magistrate Judge Fox directed that Plaintiff "shall serve and file his motion for leave of court to file an amended complaint" on or before May 26, 2021, and shall "serve and file his response to the motion to dismiss or for summary judgment" on or before June 10, 2021. (Id.) On May 14, 2021, Magistrate Fox also issued an order noting that Plaintiff, in his motion, "informed the Court . . . that '[m]uch of [his] legal documents were lost in transit from facility to facility and not until recently was [he] able to notify this Court of his change of address[,]'" and directing him to file his "current address to which all correspondence should be mailed to him." (Docket entry no. 63.)

Defendant Ron Edwards (together with Federal Defendants, "Defendants") filed his motion to dismiss Plaintiff's Complaint on May 27, 2021. (Docket entry no. 64.) On September 3, 2021, having not heard from Plaintiff since his motion for an extension of time was filed on May 10, 2021, this Court sua sponte issued an order noting that Plaintiff had not moved for leave to file an amended complaint, nor had he filed a response to Defendants' pending motions, and directing him to "file his oppositions to the two pending motions to dismiss, or otherwise show cause in writing filed with the Clerk of Court (in the form of an affidavit or

declaration under penalty of perjury) as to why his case should not be dismissed for failure to prosecute, by September 30, 2021." (Docket entry no. 65.)

To date, Plaintiff has failed to file a motion for leave to file an amended complaint, has failed to oppose Defendants' outstanding motions to dismiss, and has disregarded the Court's order directing him to show cause why his case should not be dismissed. He has not proffered any legitimate basis for his failure to participate in this action since he filed his May 10, 2021, motion for extension of time, which was the last time he communicated with the Court. For the reasons that follow, the Court hereby dismisses Plaintiff's Complaint without prejudice for failure to prosecute.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) provides that a case "may be involuntarily dismissed if a plaintiff 'fails to prosecute or to comply with these rules or a court order.'" White v. Westchester Cty., No. 19-CV-3604-KMK, 2020 WL 7323422, at *1 (S.D.N.Y. Dec. 11, 2020) (citing Fed. R. Civ. P. 41(b)). Although Rule 41(b) contemplates the situation in which a defendant moves to dismiss for failure to prosecute, "it has long been recognized that a district court has the inherent authority to dismiss for failure to prosecute sua sponte. Masri v. Thorsen, No. 17-CV-4094-KMK, 2020 WL 4369907, at *1 (S.D.N.Y. July 30, 2020) (citing Lesane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001)).

Dismissals under Rule 41(b) constitute "harsh remedies that are appropriate only in extreme situations." See Wynder v. McMahon, 360 F.3d 73, 79 n. 10 (2d Cir. 2004) (internal modifications and quotations omitted). Considering the "special consideration given to pro se litigants," courts should "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." Hunter v. New York State Dep't of Correctional Servs., 515 F.

App'x 40, 42-44 (2d Cir. 2013) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). However, "all litigants, including pro ses, have an obligation to comply with court orders[,]" Ambrose v. Mestre, No. 12-CV-4349-PAE-JLC, 2014 WL 2708021, at *2 (S.D.N.Y. June 16, 2014), report and recommendation adopted, 2014 WL 5089438 (Sept. 24, 2014) (internal quotation and citation omitted), and the Court's authority to "invoke dismissal for failure to prosecute is 'vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts.'" Masri, 2020 WL 4369907, at *1 (quoting Lyell Theatre Corp v. Loews Corp., 682 F.2d 37, 42 (2d Cir. 1982)).

The Second Circuit considers five factors in assessing whether dismissal of a plaintiff's case pursuant to Rule 41(b) is appropriate:

> (1) the duration of the plaintiff's failure (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

Chavis v. City of New York, No. 17-CV-9518-PAE-BCM, 2018 WL 6532865, at *3 (S.D.N.Y. Oct. 12, 2018), report and recommendation adopted, 2018 WL 6528238 (Dec. 11, 2018) (citing Jackson v. City of New York, 22 F.3d 71, 74 (2d Cir. 1994)). No one factor is dispositive. See id. (citing Shannon v. Gen. Elec. Co., 186 F.3d 186, 195 (2d Cir. 1999)).

Considering these five factors, the Court concludes that dismissal of Plaintiff's claims without prejudice is appropriate in this case.

First, Plaintiff has failed to take any action in this case, or communicate with the Court, since May 10, 2021. Because Plaintiff has failed to file a motion for leave to file his amended complaint or respond to the Defendants' pending motions to dismiss, despite this Court's extensions of his deadlines to do so, this case has been effectively stalled for over five

months. (See docket entry no. 62 (extending deadline to file for leave to file amended complaint until May 26, 2021, and to file response to pending motion to dismiss until June 10, 2021); docket entry no. 65 (extending Plaintiff's deadlines to respond to two pending motions to dismiss or to show cause why his case should not be dismissed until September 30, 2021).) Plaintiff's delay in moving the litigation forward satisfies the duration prong and weighs in favor of dismissal. See Ambrose, 2014 WL 2708021, at *2 ("[I]t is a plaintiff's responsibility to pursue his or her case diligently," and therefore "'an action lying dormant with no significant activity to move it may warrant dismissal after merely a matter of months.'") (quoting Lyell Theatre Corp., 682 F.2d at 42-43); Seth v. City of New York, No. 1:19-CV-01960-AJN-SDA, 2019 WL 7493587, at *3 (S.D.N.Y. Dec. 9, 2019), report and recommendation adopted, 2020 WL 71021 (Jan. 6, 2020) (finding "four months of silence from Plaintiff is sufficient to warrant dismissal"); Chavis, 2018 WL 6532865, at *3 (finding dismissal appropriate where Plaintiff failed to comply with discovery obligations for four months); Kent v. Scamardella, No. 07-CV-844-SHS, 2007 WL 3085438, at *2 (S.D.N.Y. Oct. 18, 2007) ("Although three months is not necessarily a delay of 'significant duration,' the delay . . . functioned as a complete block to moving this litigation forward.") (citation omitted).

Second, Plaintiff was on notice that failure to participate in the litigation would result in the dismissal of his case. After Plaintiff missed the extended deadlines set by Magistrate Judge Fox, see docket entry no. 62, for requesting leave to file an amended pleading and for responding to the Federal Defendants' motion to dismiss, this Court entered an order directing him to "file his oppositions to the two pending motions to dismiss, or otherwise show cause in writing filed with the Clerk of Court (in the form of an affidavit or declaration under penalty of perjury) as to why his case should not be dismissed for failure to prosecute, by

September 30, 2021." (Docket entry no. 65); see also Khan v. McElroy, No. 13-CV-5043-AJN, 2015 WL 3526973, at *2 (S.D.N.Y. June 4, 2015) (finding "explicit warning" in court order indicating "that failure to comply would result in dismissal" satisfied notice requirement). This order was mailed to Plaintiff at his last-known address after his release from custody, included in his May 10, 2021, letter to the Court, and there is no indication that Plaintiff did not receive this communication. (Docket entry text, Sept. 7, 2021). To the extent Plaintiff did not receive actual notice of this Court's prior orders, the Court notes that Plaintiff never responded to the Court's May 14, 2021, order directing him to file his "current address to which all correspondence should be mailed to him" after he was released from custody. (Docket entry no. 63). Thus "[i]f for some reason petitioner did not receive actual notice of [the Court's] orders . . . by mail . . . , responsibility for that miscommunication lies with him." Leybinsky v. United States Citizenship & Immig. Servs., No. 19-CV-6154-RPK-LB, 2020 WL 7295661, at *2 (E.D.N.Y. Dec. 2, 2020); see also Chavis, 2018 WL 6532865, at *4 ("If for some reason plaintiff did not receive actual notice of this Court's Orders either by mail or by email, he has no-one to blame but himself.").

As to the third factor, Defendants have been and are likely to be prejudiced by further delay "in the form of wasted time and resources." Greene v. City of New York, No. 19-CV-873-ARR-RER, 2020 WL 2840521, at *3 (S.D.N.Y. Apr. 23, 2020), report and recommendation adopted, 2020 WL 2836785 (S.D.N.Y. June 1, 2020). Defendants have filed their motions to dismiss, to which Plaintiff never submitted his responses. See Rubin v. Abbot Labs., 319 F.R.D. 118, 121 (S.D.N.Y. Nov. 9, 2016) (finding defendant would be prejudiced by further delay where defendant "unilaterally submitted a pre-trial order and prepared . . . by filing in limine motions"). "Defendants should not be forced to bear the expense of defending a lawsuit when the plaintiff has shown little or no interest in pursuing that lawsuit." Antonios A.

Alevizopoulos & Assocs. v. Comcast Int'l Holdings, Inc., No. 99-CV-9311-SAS, 2000 WL 1677984, at *3 (S.D.N.Y. Nov. 8, 2000).

The fourth factor supports dismissal because Plaintiff has been given several opportunities to pursue his claims against the Defendants and has apparently chosen not to do so. Plaintiff failed to meet the deadline for filing a motion for leave to file his amended complaint, failed to respond to Defendants' pending motions to dismiss, and disregarded the Court's order directing him to either submit his opposition papers or show cause why his case should not be dismissed for failure to prosecute. See McFarlane v. City of New York, No. 12-CV-4411-GBD-GWG, 2014 WL 3865245, at *2 (S.D.N.Y. Aug. 4, 2014) (dismissing case for failure to prosecute where Plaintiff did not respond to Defendants' motion to dismiss and ignored Court orders extending her time to submit opposition papers and directing her to show cause for why her case should not be dismissed for failure to respond to pending motion); White, 2020 WL 7323422, at *1 (dismissing case without prejudice where the plaintiff failed to file amended complaint or otherwise communicate with the Court). The Court has a strong "interest in managing its docket efficiently[,]" see Bailey v. City of New York, No. 19-CV-01488-MKV, 2021 WL 2688973, at *3 (S.D.N.Y. June 30, 2021), and does not have the responsibility to "chase dilatory plaintiffs while other litigants in this district seek access to the courts." Hibbert v. Apfel, No. 99-CV-4246-SAS, 2000 WL 977683, at *3 (S.D.N.Y. July 17, 2000).

Because Plaintiff has abandoned his opportunity to pursue his claims and has halted communications with the Court, lesser sanctions would be ineffective. See Alevizopoulos, 2000 WL 1677984, at *4 (dismissing case where plaintiff "repeatedly failed to abide by the Court's orders, even when the Court has granted him extensions and second chances"). However, considering the "special consideration" owed to pro se litigants, Hunter,

515 F. App'x at 43-44, and the harshness of the Rule 41(b) remedy, the Court dismisses Plaintiff's claims without prejudice.

CONCLUSION

For the foregoing reasons, Plaintiff's claims are hereby dismissed without prejudice. The Clerk of Court is respectfully directed to enter judgment in accordance with this Memorandum Order and to resolve docket entry numbers 56 and 64.

Chambers will mail a copy of this Memorandum Order to Plaintiff. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

Dated: New York, New York
November 2, 2021

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

Copy Mailed to: Dwane Ottey
3501 Farragut Road
Brooklyn, NY 11210